Shauck, J.
The record does not justify the assumption that the defendant did not know, when the contract was made, that the plaintiffs had u contract with the government under which the stone was to be used. There was clear and direct testimony that the plaintiffs were making the purchase for the erection of a pier under a contract with the government and that the amount of stone to be delivered under the contract of purchase was to be determined by the requirement of the con *522 tract with the government. Knowledge of this fact is implied in the conversations which formed the contract. Indeed, the evidence shows that the negotiations which led to the contract were introduced by a representative of the Lime Company who was prompted by knowledge that the government had awarded to the plaintiffs the contract for the construction of the pier.
Moreover, no instruction was given to the jury which would authorize the assessment of special damages. The instruction in this regard was:
“The damages the plaintiffs are entitled to recover, if you find in their favor, is the difference between what they were to pay, to-wit, $1.75 per cord, and the market value or what they could go into the market and buy the same stone — substantially the same stone, at that time and place, for. The difference between what the market price was and what they had agreed to pay would be the measure of damages, and that amount the plaintiffs should have in your verdict, if you find for the plaintiffs.”
No other measure of damages was defined by the court to the jury, nor did the jury award damages in excess of the difference between the contract price and the market price as they were shown by the evidence offered by the plaintiffs.
The damages defined in the charge and awarded by the jury are general, because they are such as are presumed in law to have accrued from the breach of the. contract. They would have accrued if the' stone had been purchased for use in another place or to be resold. They are not special, because they do not, to any extent depend upon the terms of the purchaser’s contract with the government. They compensated the purchasers for no detriment sustained in consequence of stipu *523 lations in their contract with the government, nor reimbursed them for any lost advantage offered by the terms of that contract. Sedgwick on Damages, section 1261, Sutherland on Damages, sections 419-20.
It seems clear, therefore, that the judgment of the circuit court cannot be sustained upon the ground stated in its entry. But counsel for the defendant contend that the judgment of reversal entered by the circuit court should be affirmed because the petition upon which the recovery was had in the common pleas does not state a cause of action, although that was not stated as a ground of reversal in the circuit court. It is important to observe, in this connection, that no motion was filed to require the allegations of the petition to be made more definite and certain. Nor was its sufficiency tested by demurrer. The trial was had upon the issues joined on the allegations of the original petition and the supplement thereto. Taken together the allegations set up a contract executed March 1, 1893, for stone to be delivered during the year 1893, and not performed by March, 1895. The evidence showed without contradiction that before the suit was brought the Lime Company had sold its quarries and thus disabled itself to perform the contract with the plaintiffs if it had entered into the contract alleged. Whether it had entered into such contract or not was the subject of real contention upon the trial. The finding that the contract alleged in the petition was entered into does not seem to be affected by any error, and the defendant’s repudiation of the contract and rendering itself unable to perform constitute a sufficient breach.

Jxidgment of the circuit court reversed and that of the common pleas affirmed.